

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-29-2007

# USA v. Burns

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1364

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Burns" (2007). *2007 Decisions*. Paper 178.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/178

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 06-1364

—————

UNITED STATES OF AMERICA

v.

CLINTON BURNS,
a/k/a Clizz

Clinton Burns,
                    Appellant

—————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 04-cr-0405-2
(Honorable William W. Caldwell)

—————

Argued November 7, 2007
Before:  SCIRICA, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*.

(Filed:   November 29, 2007)

PHILIP GELSO, ESQUIRE (ARGUED)
120 South Franklin Street
Wilkes-Barre, Pennsylvania 18701
        Attorney for Appellant

WILLIAM A. BEHE, ESQUIRE (ARGUED)
Office of United States Attorney
220 Federal Building and Courthouse
228 Walnut Street, P.O. Box 11754
Harrisburg, Pennsylvania 17108
        Attorney for Appellee

SCIRICA, *Chief Judge*.

Clinton Burns was one of 23 defendants charged in a drug conspiracy indictment. Burns pled guilty to unlawful distribution and possession with intent to distribute crack cocaine. 21 U.S.C. § 841(a)(1). The District Court imposed the 20-year maximum penalty. 21 U.S.C § 841(b)(1)(C). He appeals his sentence. We will affirm.

I.

Burns appeals on four grounds. First, he argues the District Court disregarded *United States v. Booker*, 543 U.S. 220 (2005), and applied the sentencing guidelines as mandatory. He points to an exchange at the sentencing hearing in which the court said *Booker* was inapplicable. But the court was addressing an *Apprendi* argument, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), namely whether it could consider for sentencing purposes information not found beyond a reasonable doubt. In context, nothing in the court's statement suggested it was disregarding *Booker* when applying the sentencing guidelines. Nor does the record suggest the court treated the sentencing guidelines as mandatory. We see no error.

Second, Burns argues, by only considering his criminal history and the guidelines calculation, the court created a presumptively reasonable range of sentences and failed to consider other factors under 18 U.S.C. § 3553(a). Nothing in the record suggests the District Court considered the range of sentences presumptively reasonable. While a court

2

must give "meaningful consideration" to the 3553(a) factors, it need not "discuss and make findings of each of the 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). The District Court did not address every factor, but it addressed all the relevant facts and the relevant 3553(a) factors in responding to both government counsel's and Burns's counsel's arguments. The court "considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 127 S.Ct 2456, 2468 (2007). We see no error.

Third, Burns argues his sentence was unreasonable because the court failed to adequately articulate its consideration of 18 U.S.C. § 3553(a) factors and to provide sufficient reasons; therefore it did not impose a "sentence sufficient, but not greater than necessary, to comply with" the statute. 18 U.S.C. § 3553(a). A sentence is unreasonable if "the trial court abused its discretion." *Rita*, 127 S.Ct at 2465. Burns bears the burden of demonstrating unreasonableness. *Cooper*, 437 F.3d at 329. As discussed above, the District Court adequately addressed all the relevant 3553(a) factors.

Fourth, Burns contends the court should have granted a downward departure under U.S.S.G. 4A1.3(b) because his criminal history did not warrant career criminal status. But the District Court addressed Burns's criminal history and reasonably declined to depart.

II.

3

Accordingly, the sentence was not unreasonable and we will affirm the judgment of sentence imposed by the District Court.